UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ALIVIA BLOUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:23-cv-01229** |
| | ) | |
| **RED ROBIN WEST END NASHVILLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

The Court granted Plaintiff Alivia Blount pauper status and ordered her to show cause why the Court has federal subject-matter jurisdiction over the Complaint. (Doc. No. 7). In response, Blount filed an Amended Complaint that alleges Defendant terminated Blount and subsequently failed to provide a termination letter that Blount could use to apply for a local government grant. (Doc. No. 10). The Amended Complaint makes no attempt to establish diversity-of-citizenship jurisdiction. See id. Moreover, Blount again brings a claim that does not "arise under" the Constitution or laws of the United States. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Accordingly, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005); see also Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi, 43 F.4th 624, 627 (6th Cir. 2022) (directing courts to "assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources"). This form of dismissal allows Blount to bring a new civil action regarding these or other matters, subject to all applicable rules and time limits. Because an

appeal would not be taken in good faith, Blount is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE